IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 11 |
| REAM PROPERTIES, LLC, | * | |
|     Debtor-in-Possession | * | CASE NO. 1:15-bk-02980 MDF |
| | * | |
| THOMAS HAMILTON and | * | |
| THERESA HAMILTON, | * | |
|     Movants | * | |
| | * | |
|     v. | * | |
| | * | |
| REAM PROPERTIES, LLC and | * | |
| ROBERT PAULETTA, | * | |
|     Respondents. | * | |

**OPINION**

Before me is a motion filed by Thomas and Theresa Hamilton ("Movants") seeking relief from automatic stay to proceed in state court against Debtor's principal, Robert Pauletta, ("Pauletta"), who is a guarantor for loan made to Ream Properties, LLC ("Debtor"). For the reasons below the motion will be granted.

**I. Procedural History and Factual Findings**

Movants filed a Motion for Relief from Automatic Stay (the "Motion") asking the Court to confirm that the automatic stay imposed by § 362(a) of the Bankruptcy Code does not extend to actions against Pauletta. Debtor filed an answer requesting the Court to extend the stay to Pauletta. At the preliminary hearing in this matter, Movants objected to Debtor requesting injunctive relief without commencing an adversary proceeding.

On or about May 17, 2011, Debtor entered into a loan agreement with ACNB Bank ("ACNB"), which Pauletta guaranteed. Movants also were guarantors on the ACNB loan and had pledged their residential real estate as collateral for the loan to Debtor. ACNB obtained a

judgment on the note and guaranties in November 2012. To satisfy their obligation as guarantors, Movants took assignment of ACNB's note, guaranty and judgment. At the time of the assignment, the balance of the judgment was $121,101.05.

Debtor filed its Chapter 11 bankruptcy petition on July 15, 2015. Neither Debtor nor Pauletta have made any payments to Movants as the assignees of the ACNB obligation. Movants filed a motion for relief in an abundance of caution before pursuing their rights in state court.[1]

## II. Discussion

Section 362 (a) "operates as a stay, applicable to all entities, of the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). Section 362 stays only actions against debtors, and it generally does not protect "sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the . . . debtor." *McCartney v. Integra Nat'l Bank N.,* 106 F.3d 506, 509-10 (3d Cir. 1997) (citing *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir. 1991)). A primary reason why courts refuse to extend the automatic stay to a guarantor of a debtor, "is to insure that creditors obtain 'the protection they sought and received when they required a third party to guaranty the debt.'" *McCartney,* 106 F.3d at 510 (citing *Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121-22 (4th Cir. 1988) ("'The very purpose of a guaranty is to assure the creditor that in the event the debtor defaults, the creditor will have someone to look to for

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is a non-*Stern* core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (G). This Opinion constitutes findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052.

2

reimbursement.'") (citing *Rojas v. First Bank Nat'l Ass'n,* 613 F.Supp. 968, 971 (E.D.N.Y. 1985)).

However, where "unusual circumstances" exist, the automatic stay may be extended to third parties. *McCartney,* 106 F. 3d at 510; *A.H. Robins Co., v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986); *see also In re Phila. Newspapers, LLC,* 407 B.R. 606, 615-16 (E.D. Pa. 2009); *In Re Union Trust Phila.,* 460 B.R. 644, 657 (E.D. Pa 2011). In the Third Circuit, unusual circumstances have been found to exist where "'there is such identity between the debtor and third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" *McCartney*, 106 F.3d at 510 (quoting *A.H. Robins Co.*, 788 F.2d at 999). Further, the stay will be extended to non-debtor third parties when "stay protection is essential to the debtor's efforts of reorganization." *Id.*

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless, the movant, *by a clear showing,* carries the burden of persuasion." *Id*. at 659-60 (emphasis in original) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)); *see also Instant Air Freight Co. v. C.F. Air Freight, Inc.,* 882 F.2d 797, 800 (3d Cir. 1989) ("[I]njunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'") (citing *Frank's GMC Truck Center, Inc,. v. G.M.C.,* 847 F.2d 100, 102 (3d Cir. 1988)).

Bankruptcy Rule 7001 specifies that "a proceeding to obtain an injunction or other equitable relief, except when a . . . plan provides for the relief" must be commenced by the filing of an adversary complaint. Fed. R. Bankr. P. 7001(7). Therefore, for a third party to obtain the protection of the automatic stay, the party must file an adversary complaint requesting an

injunction under § 105 of the Bankruptcy Code. *In re Hart,* 530 B.R. 293, 308 (Bankr. E.D. Pa 2015) (holding that in order for a debtor to obtain the protection of § 362(a) he or she must "affirmatively request such relief by filing an adversary complaint seeking an injunction under § 105 . . .") (citing cases); *see also In re Union Trust Phila.*, 460 B.R. at 652.

Debtor filed its case on July 15, 2015. Debtor filed two adversary proceedings, but neither requested injunctive relief against Movants[2]. Debtor's answer to Movant's Motion is the only pleading in which Debtor requests that the automatic stay be extended to Pauletta. By employing this approach, Debtor attempts to shift the burden of proof from Debtor to Movants. An injunction is an extraordinary remedy. I cannot grant such extraordinary relief where Debtor has failed to commence an adversary proceeding as required under the Rules and, thus, has not met the concomitant burden of proof required to obtain injunctive relief.[3] Therefore, I find that

---

[2] The adversary proceeding docketed at 1:16-ap-00037 MDF seeks to enjoin Susan Pickford, Movants' state court attorney, from prosecuting a criminal complaint. The parties have agreed that the injunction requested does not pertain to Movants. In the adversary proceeding docketed at 1:16-ap-00090 MDF, Debtor requests a finding that Movants and Susan Pickford violated the automatic stay. In its brief in opposition to Movants' and Susan Pickford's motions for summary judgment, Debtor argues that the stay should be extended to Pauletta, but no request for injunctive relief was pleaded in the complaint for violation of the stay.

[3] In its answer to Movants' Motion, Pauletta states in an affidavit that he is "prepared to contribute personal assets to help fund the plan of reorganization." He also states that Debtor is contractually obligated to indemnify Pauletta for any costs, expenses, and liabilities for his actions on behalf of Debtor. These facts may support a finding of unusual circumstances had Debtor commenced an adversary proceeding.

Pauletta is not protected by the automatic stay in the within case and, absent a future grant of relief in this matter, Movants may exercise their rights under state law against him.

By the Court,

*Mary D France*
Bankruptcy Judge

5

Dated: January 9, 2017