**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| REAM PROPERTIES, LLC<br>Debtor | : | CASE NO: 1-15-02980-HWV |
| | : | |
| | : | Matter: Final Report / Application for Compensation |
| | : | |

# CERTIFICATE OF SERVICE

Pursuant to Local Rule the guarantor Pauletta, having a vested interest in the case, here by objects to the Final Report and Application for Compensation. I hereby certify that the foregoing was sent by first class mail postage prepaid this day to the following:

US Bankruptcy Court
Ronal Regan Federal Court Building
228 Walnut Street, Room 320
Harrisburg, PA 17101-1737

Tracy L. Updike, Esq.
Mette, Evans & Woodside
3401 North Front Street
Harrisburg, PA 17110

Theresa M. Hamilton, Debtor
7430 Jonestown Road
Harrisburg, PA 17112

Craig Diehl, Esq.
3463 Trindle Road
Camp Hill, PA 17011

Date: 1/19/21

Robert L. Pauletta
14 Nottingham Drive
Mechanicsburg, PA 17050
(717) 991-1756

FILED
Harrisburg, PA

JAN 19 2021

Clerk,
US Bankruptcy Court

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| REAM PROPERTIES, LLC<br>Debtor | : | CASE NO: 1-15-02980-HWV |
| | : | |
| | : | Matter: Final Report / Application for Compensation |
| | : | |

Pursuant to Local Rule the guarantor Pauletta, having a vested interest in the case, here by objects to the Final Report and Application for Compensation and avers the following:

1. **EMBEZZLEMENT / BANKRUPTCH FRAUD ACNB BANK** – ACNB BANK has been advancing money to the Hamilton's, without the knowledge and permission of the single shareholder Robert Pauletta and the trustee for the bankruptcy court, under REAM Properties, LLC's $120,000.00 Line of Credit (EXHIBIT A). The original balance at the time of default was roughly only $99,000.00. ACNB Bank has advanced over $50,000.00 to themselves, their legal counsel and the Hamilton's over a period of time, as the current balance is now around $148,426.19.

The only way ACNB Bank could have avoided the embezzlement would be to establish a separate credit facility from REAM Properties, LLC's $120,000.00 credit facility. Public records indicate they are utilizing the $120,000.00 credit facility of REAM Properties, LLC, which is the definition of embezzlement, to advance interest to themselves and attorney fees to their legal counsel. Even if the note was properly assigned, which it wasn't as ACNB Bank didn't assign the mortgage to the Hamilton's, this now involves embezzlement by ACNB Bank, bank's legal counsel and the Hamilton's, as an assignment doesn't give a party a right to draw on REAM Properties, LLC's $120,000.00 Line of Credit.

Embezzling from REAM Properties, LLC / Robert Pauletta ACNB Bank and the attorney for the bank unjustly enrichments themselves, placing a burden on the company which drove them out of business.

2. **FRAUD** - We know the note was never paid off (ACNB Bank & Hamilton's continue to draw on the note) and the mortgage was never assigned (EXHIBIT A). The mortgage note, mortgage and guarantees are all part of one transaction (EXHIBIT E) and are inseparable and are now vested in the trustee and not the Hamilton's. ACNB assigned the note to the Hamilton's without notice to Pauletta in the middle of the night.

3. **EMBEZZLEMNT / GRAND THIEFT HAMILTON'S** - The Hamilton's were embezzling money (money meant for sub-contractors) and stealing material to make significant improvements to their property (7430 Jonestown Road, Harrisburg PA 17112). ACNB Bank was made aware of this through a verbal discussion with their legal counsel.

4. **TAX FRAUD / BANKRUPTCY FRAUD HAMILTON'S** - The Hamilton's purposely failed to obtain the proper building permits for the sole purpose of avoiding having their (7430 Jonestown Road, Harrisburg PA 17112) property re assed after the improvements, there by committing tax fraud and now bankruptcy fraud (Chapter 5-501 Property Tax 5-501.2). As the property is significantly undervalued for tax and bankruptcy purposes. Essentially the Debtor was defrauding the county out of real estate tax revenues (roughly $25,000.00 tax fraud) by under reporting the value of the property after doing substantial improvements with embezzled money and stolen material.

5. **Eighty percent of all bankruptcy fraud is the debtor omitting assets or under valuing assets.** The Debtor and Atty Updike failed to notify the court of the significant value of the collateral (7430 Jonestown Road Harrisburg PA 17122) and thus the Debtor's significantly better financial condition (which is what secures the note assigned to the Hamilton's). The value of the property has increased from $160,000.00, when they purchased the property over 11 years ago to more than $350,000.00 in violation of 18 USC 3284 Hiding Assets, 18 USC 157 Bankruptcy Fraud, 18 USC 152 Concealment of Assets; False Oath and claims and 18 USC 156 knowing disregard of bankruptcy law or rule.

6. **FALSE STATEMENTS** - Theresa Hamilton made false statements 18 USC 152, 1341, 1519 and 3571 by not amending her bankruptcy schedules to reflect her improved financial condition in an attempt to hide the equity in the real estate prior to the filling of her motion to abandon collateral and have debts discharged.

7. **BANKRUPTCY FRAUD** - The Debtor, along with Atty Pickford filed a private criminal complaint for the Unauthorized Practice of law in Dauphin County in an attempt to extort attorney fees. The charges were filled after the federal bankruptcy judge denied them sanctions in bankruptcy court and in clear violation of federal bankruptcy rules and Dauphin County statues and without the consent of DA Marsico (EXHIBIT B) in violation of Pauletta's civil rights.

    Atty Pickford and the Debtor utilized their personal connection with ADA Chardo to file the private criminal charges, after the DA refused to be involved. ADA Chardo forged DA Marisco's signature on the criminal forms for his friend Atty Pickford to authorize the private criminal complaint. The judgement, while recorded as for the benefit of the Dauphin County Clerk of Courts, is for the benefit of the Hamilton's and not the government payable to the Hamilton's as compensation for purported pecuniary losses, which means the debt is dischargeable (11 US Code 523 Exceptions to discharge (7)) and the criminal complaint was / is fraudulent. Atty Pickford, Atty Updike and the Debtor simple tried to circumvent the federal bankruptcy court in an attempt to defraud.

8. The civil judgment (CV-2020-1324; EXHIBIT C), as a result of the criminal complaint, should be marked satisfied and Atty Pickford and the Hamilton's should be ordered to reimburses Pauletta for all expenses plus punitive damages, including necessary expenses to clear Pauletta's now criminal record. As this was already settled by a federal bankruptcy judge, violation of federal bankruptcy rules, Dauphin County statues and Pauletta's civil rights.

9. ACNB Bank, legal counsel for ACNB Bank and the Hamilton's, at their expense should be ordered to mark all judgements and corresponding assignments (EXHIBIT D) satisfied for their parts in the embezzlement and after the disposal of the property and payoff of the original mortgage, as the mortgage was never assigned to a third party and is inseparable from the mortgage note and guarantees (EXHIBIT E). ACNB Bank, legal counsel for ACNB Bank and the Hamilton's should be ordered to pay punitive damages for the documented embezzlement and fraudulent transfer of the note.

For the above reason, Pauletta request the court deny the Final Report / Application for Compensation and investigate and litigate the above claims and prosecute the respective party.

Date: 1/19/21

Robert L. Pauletta
14 Nottingham Drive
Mechanicsburg, PA 17050
(717) 991-1756

Exhibit A

Rear. Properties

Parcel Identification
Number: 68-022-035

County of Dauphin
Office of Tax Assessment
UPI Certifications
Date: 5-18-11
Number of UPI's 1
Initials: GH

WHEN RECORDED MAIL
TO:
ACNB Bank
Dillsburg Office
16 Lincoln Square
PO Box 3129
Gettysburg, PA 17325

FOR RECORDER'S USE ONLY

*0745*

# OPEN - END MORTGAGE AND SECURITY AGREEMENT

*(This instrument is an open-end mortgage and secures future advances pursuant to 42 Pa. C.S. §§ 8143 and 8144, Act No. 126 of 1990)*

Amount Secured Hereby: $120,000.00 ZEAM Properties, LLC LOC

**THIS MORTGAGE dated May 17, 2011, is made and executed between THOMAS HAMILTON and THERESA HAMILTON, whose address is 7430 JONESTOWN ROAD, HARRISBURG , PA 17112 (referred to below as "Grantor") and ACNB Bank, whose address is 16 Lincoln Square, PO Box 3129, Gettysburg, PA 17325 (referred to below as "Lender").**

**GRANT OF MORTGAGE.** For valuable consideration, Grantor grants, bargains, sells, conveys, assigns, transfers, releases, confirms and mortgages to Lender all of Grantor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all streets, lanes, alleys, passages, and ways; all easements, rights of way, all liberties, privileges, tenements, hereditaments, and appurtenances thereunto belonging or anywise made appurtenant hereafter, and the reversions and remainders with respect thereto; all water, water rights, watercourses and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in DAUPHIN County, Commonwealth of Pennsylvania:**

**See ATTACHED LEGAL DESCRIPTION, which is attached to this Mortgage and made a part of this Mortgage as if fully set forth herein.**

**The Real Property or its address is commonly known as 7430 JONESTOWN ROAD, HARRISBURG, PA 17112. The Real Property parcel identification number is 68-022-035.**

**CROSS-COLLATERALIZATION.** In addition to the Note, this Mortgage secures all obligations, debts and liabilities, plus interest thereon, of either Grantor or Borrower to Lender, or any one or more of them, as well as all claims by Lender against Borrower and Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Borrower or Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.

**REVOLVING LINE OF CREDIT.** This Mortgage secures the indebtedness including, without limitation, a revolving line of

BEING the same premises which David R. Simon, by her Attorney-in-Fact, Maureen C. Maxwell Simon and Maureen C. Maxwell Simon, husband and wife, by deed dated September 25, 2009, recorded September 29, 2009 to Dauphin County Instrument No. 20090032650, granted and conveyed unto Thomas Hamilton and Theresa Hamilton, husband and wife.

7. The present owners of the real estate subject to the mortgage are the Defendants.

8. Said loan is in default because it matured on April 2, 2015 and the Defendants have failed to pay the principal amount of $100,753.48 and accrued interest of $27,916.34.

9. By reason of the aforesaid default, the following amounts are due in accordance with the terms of the mortgage:

| | |
|---|---|
| (a) Balance of unpaid principal | $100,753.48 |
| (b) Interest from 03/02/15 to 11/13/20 (Plus $15.39 per diem thereafter) | $ 27,916.34 |
| (c) Late fees to 11/13/20 | $ 5,078.37 |
| (d) Other fees for this action and prior foreclosure action No. 2015-CV-6490-MF and bankruptcy action | $ 11,178.00 |
| (e) Attorney's fees (estimated through completion of foreclosure, at a rate of $250.00 per hour) | $ 3,500.00 |
| **TOTAL** | **$148,426.19** |

Original Balance

ACNB BANK

Bank's Atty Fees

$32,994.71

$14,678

Embezzlement / Unjust enrichment

Exhibit B

Dauphin County Court House
101 Market Street
Harrisburg, PA 17101

**Edward M. Marsico, Jr.**
*Judge*

COMMONWEALTH OF PENNSYLVANIA
Twelfth Judicial District
Court of Common Pleas - Dauphin County

Telephone: (717) 780-6602

*E-Mail: emarsico@dauphinc.org*

Robert Pauletta
14 Nottingham Drive
Mechanicsburg, PA 17050

August 24, 2020

Dear Mr Pauletta:

Thank you for contacting me regarding your criminal cases. I can assure you that I had no direct involvement in your case when I was District Attorney. Further, I do not believe but I know the Hamilton family to whom you referred. Should you have concerns about the current status of your case, I would direct you to raise those concerns with the District Attorney's office.

Sincerely,
Edward M. Marsico, Jr.

Cc: District Attorney's Office

Exhibit C

FullCourt Enterprise - Judgment Cr... ×

fullcourt.dauphinc.org:8443/fullcourtweb/judgmentOrderIndexSearch.do

Apps | Suggested Sites | Shopping | Favorites

| CASE NUMBER | JUDGMENT ORDER TYPE | ORDER DATE | AGAINST | STATUS | STATUS DATE |
|---|---|---|---|---|---|
| 2020-CV-01324-NT | Judgment | 01/31/2020 | Robert J Pauletta | Open | 01/31/2020 |
| − Litigants: Dauphin County Clerk of Courts (Plaintiff), Robert J Pauletta (Defendant) | | | | | |
| − Comment/Amount: 4,271.00 | | | | | |
| 2018-CV-04316-NT | Confessed Judgment Money | 07/03/2018 | Robert L Pauletta Jr | Satisfied | 07/03/2018 |
| − Litigants: Members 1st Federal Credit Union (Plaintiff), Robert L Pauletta Jr (Defendant) | | | | | |
| − Comment/Amount: 472499.62 | | | | | |
| 2014-CV-07406-CV | Default | 09/15/2014 | ACNB Bank, Adams County National Bank | Stricken/Order | 09/30/2014 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), ACNB Bank (Defendant), Adams County National Bank (Defendant) | | | | | |
| − Comment/Amount: 100099799.12 | | | | | |
| 2012-CV-02928-CV | Judgment | 03/03/2015 | Landmark Commerical Realty Inc | Satisfied | 03/24/2015 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Landmark Commerical Realty Inc (Other Party) | | | | | |
| − Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Writ of Execution | 02/06/2015 | Landmark Commerical Realty Inc | Satisfied | 03/25/2015 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Landmark Commerical Realty Inc (Other Party) | | | | | |
| − Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Writ of Execution | 02/06/2015 | Properties America | Satisfied | 03/25/2015 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| − Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Judgment | 02/06/2015 | Properties America | Satisfied | 03/25/2015 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| − Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Arbitration Award | 11/21/2014 | Properties America | Satisfied | 03/25/2015 |
| − Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| − Comment/Amount: 5000.00 | | | | | |

complaint acnb v h....pdf

Show all

Start

2:45 PM
1/9/2021

Dauphin County

SEARCHES CASES DOCUMENT MGMT REPORTS LOGOUT

Exhibit D

JUDGMENT ORDER INDEX SEARCH

LAST: ream properties
FIRST:
MIDDLE:
DOB: 00/00/0000
INCLUDE OLD CASE HISTORY
JUDGMENT/ORDER TYPE: [ALL]
ORDER DATE FROM: 00/00/0000 TO 00/00/0000
STATUS: [ALL]
STATUS DATE FROM: 00/00/0000 TO 00/00/0000

SEARCH CANCEL

JUDGMENT/ORDERS

SEARCH RESULTS

1 - 21 of 21

| CASE NUMBER | JUDGMENT/ORDER TYPE | ORDER DATE | AGAINST | STATUS | STATUS DATE |
|---|---|---|---|---|---|
| 2018-CV-04745-NT | MF Writ of Execution | 07/31/2018 | Ream Properties | Open | 07/31/2018 |
| Litigants: Members 1st Federal Credit Union (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 109256.00 | | | | | |
| 2018-CV-04745-NT | Confessed Judgment-Money | 07/23/2018 | Ream Properties | Open | 07/23/2018 |
| Litigants: Members 1st Federal Credit Union (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 122595.46 | | | | | |
| 2018-CV-04316-NT | MF Writ of Execution | 07/31/2018 | Ream Properties | Open | 07/31/2018 |
| Litigants: Members 1st Federal Credit Union (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 421219.97 | | | | | |
| 2018-CV-04316-NT | MF Writ of Execution | 07/31/2018 | Ream Properties | Open | 07/31/2018 |
| Litigants: Members 1st Federal Credit Union (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 421219.97 | | | | | |
| 2018-CV-04316-NT | Confessed Judgment-Money | 06/29/2018 | Ream Properties | Open | 06/29/2018 |
| Litigants: Members 1st Federal Credit Union (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 472499.62 | | | | | |
| 2017-CV-02760-CV | Default | 11/16/2017 | Stuart Antonia Dunn | Open | 11/16/2017 |
| Litigants: Millers Capital Insurance Company (Plaintiff), Ream Properties (Plaintiff), Stuart Antonia Dunn (Defendant) | | | | | |
| Comment/Amount: 222067.18 | | | | | |
| 2016-CV-07829-ML | Mechanics Lien Claim | 10/14/2016 | Ream Properties | Open | 10/14/2016 |
| Litigants: C & Z Construction (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 39718.21 | | | | | |
| 2015-CV-01367-NT | MDJ Judgment | 02/20/2015 | Gisela Lopez, Visionaries Group | Open | 02/20/2015 |
| Litigants: Ream Properties (Plaintiff), Gisela Lopez (Defendant), Visionaries Group (Defendant) | | | | | |
| Comment/Amount: 12000.00 | | | | | |
| 2015-CV-01298-NT | MDJ Judgment | 02/18/2015 | Theresa Hamilton, Thomas Hamilton | Open | 02/18/2015 |
| Litigants: Ream Properties (Plaintiff), Theresa Hamilton (Defendant), Thomas Hamilton (Defendant) | | | | | |
| Comment/Amount: 12199.10 | | | | | |
| 2013-CV-10851-NT | Writ of Execution | 02/17/2015 | Ream Properties | Open | 02/17/2015 |
| Litigants: ACNB Bank (Plaintiff), Theresa Hamilton (Plaintiff), Thomas Hamilton (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 99799.72 November 20, 2015 Upon consideration of Plaintiff's Amended Motion for Reassessment of Damages, the Prothonotary is ORDERED to reassess damages in this case as follows: Total: $121,101.05. See COMPLETE ORDER filed. Copies dist on 11/20/15. | | | | | |
| 2013-CV-10851-NT | MF Writ of Execution | 05/23/2014 | Ream Properties | Open | 05/23/2014 |
| Litigants: ACNB Bank (Plaintiff), Theresa Hamilton (Plaintiff), Thomas Hamilton (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 99799.72 November 20, 2015 Upon consideration of Plaintiff's Amended Motion for Reassessment of Damages, the Prothonotary is ORDERED to reassess damages in this case as follows: Total: $121,101.05. See COMPLETE ORDER filed. Copies dist on 11/20/15. | | | | | |
| 2013-CV-10851-NT | MF Writ of Execution | 01/22/2014 | Ream Properties | Open | 01/22/2014 |
| Litigants: ACNB Bank (Plaintiff), Theresa Hamilton (Plaintiff), Thomas Hamilton (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 99799.72 November 20, 2015 Upon consideration of Plaintiff's Amended Motion for Reassessment of Damages, the Prothonotary is ORDERED to reassess damages in this case as follows: Total: $121,101.05. See COMPLETE ORDER filed. Copies dist on 11/20/15. | | | | | |
| 2013-CV-10851-NT | Foreign Judgment | 12/13/2013 | Ream Properties | Open | 12/13/2013 |
| Litigants: ACNB Bank (Plaintiff), Theresa Hamilton (Plaintiff), Thomas Hamilton (Plaintiff), Ream Properties (Defendant) | | | | | |
| Comment/Amount: 99799.72 November 20, 2015 Upon consideration of Plaintiff's Amended Motion for Reassessment of Damages, the Prothonotary is ORDERED to | | | | | |

reassess damages in this case as follows: Total: $121,101.05. See COMPLETE ORDER filed. Copies dist on 11/20/15

| Case | Type | Date | Party | Status | Date |
|---|---|---|---|---|---|
| 2013-CV-02996-NT | MDJ Judgment | 04/05/2013 | Jason Hunter | Open | 04/05/2013 |
| Litigants: Ream Properties (Plaintiff), Jason Hunter (Defendant) | | | | | |
| Comment/Amount: 3372.05 | | | | | |
| 2012-CV-10190-NT | MDJ Judgment | 11/28/2012 | Paula Bressler | Open | 11/28/2012 |
| Litigants: Ream Properties (Plaintiff), Paula Bressler (Defendant) | | | | | |
| Comment/Amount: 1510.00 | | | | | |
| 2012-CV-02928-CV | Judgment | 03/03/2015 | Landmark Commerical Realty Inc | Satisfied | 03/24/2015 |
| Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Landmark Commerical Realty Inc (Other Party) | | | | | |
| Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Writ of Execution | 02/06/2015 | Landmark Commerical Realty Inc | Satisfied | 03/25/2015 |
| Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Landmark Commerical Realty Inc (Other Party) | | | | | |
| Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Writ of Execution | 02/06/2015 | Properties America | Satisfied | 03/25/2015 |
| Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Judgment | 02/06/2015 | Properties America | Satisfied | 03/25/2015 |
| Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| Comment/Amount: 5000.00 | | | | | |
| 2012-CV-02928-CV | Arbitration Award | 11/21/2014 | Properties America | Satisfied | 03/25/2015 |
| Litigants: Robert L Pauletta Jr (Plaintiff), Ream Properties (Plaintiff), Properties America (Defendant) | | | | | |
| Comment/Amount: 5000.00 | | | | | |
| 2011-CV-12192-NT | MDJ Judgment | 12/28/2011 | Brian Kahn | Open | 12/28/2011 |
| Litigants: Ream Properties (Plaintiff), Brian Kahn (Defendant) | | | | | |
| Comment/Amount: 3000.00 | | | | | |

Case #2012-07363

| | |
|---|---|
| Case Number | 2012-07363 |
| Commencement Date | 12/5/2012 2:22:00 PM |
| Case Type | EXEMPLIFIED RECORD |
| PFA Number | |
| Caption Plaintiff | ACNB BANK |
| Caption Defendant | REAM PROPERTIES LLC |
| Judgment Indicator | Yes |
| Judge | MASLAND ALBERT H |
| Parcel Number | |
| Remarks | EXEMPLIFIED RECORD FROM ADAMS COUNTY IN THE AMOUNT OF $99,799.72 - BY EDWARD G PUHL ATTY FOR PLFF COSTS BROUGHT FORWARD - $155.00 |
| Interpreter Needed | |
| Disposition | |
| Sealed | No |

## Plaintiffs

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| ACNB BANK | UNKNOWN , UNITED STATES | US | PICKFORD, SUSAN K | Yes | 1 | |
| HAMILTON, THERESA | UNKNOWN , UNITED STATES | US | PICKFORD, SUSAN K | Yes | 2 | |
| HAMILTON, THOMAS | UNKNOWN , UNITED STATES | US | PICKFORD, SUSAN K | Yes | 3 | |

## Defendants

| Name | Address | Country | Counsel | Notify | Sequence | Status |
|---|---|---|---|---|---|---|
| REAM PROPERTIES LLC | 14 NOTTINGHAM DRIVE MECHANICSBURG, PA 17050 UNITED STATES | US | DIEHL, CRAIG A | Yes | 1 | |
| PAULETTA, ROBERT L JR | 14 NOTTINGHAM DRIVE MECHANICSBURG, PA 17050 UNITED STATES | US | DIEHL, CRAIG A | Yes | 2 | |

## Judgments

| Plaintiff | Defendant | Date | Amount | Satisfied Date | Docket Type | Docket Text |
|---|---|---|---|---|---|---|
| ACNB BANK | REAM PROPERTIES LLC | 12/5/2012 12:00:00 AM | $99,799.72 | | | |
| ACNB BANK | PAULETTA, ROBERT L JR | 12/5/2012 12:00:00 AM | $99,799.72 | | | |
| HAMILTON, THOMAS | PAULETTA, ROBERT L JR | 6/23/2017 3:18:34 PM | $120,000.00 | | ORDER OF COURT | DATED 6/23/2017 - IN RE VERDICT - JUDGMENT ENTERED IN FAVOR OF THOMAS HAMILTON AND THERESA HAMILTON AND AGAINST ROBERT PAULETTA IN THE AMOUNT OF $120,000 PLUS ATTORNEY FEES IN THE AMOUNT OF $4,100 - BY THE COURT ALBERT H MASLAND J - COPIES MAILED 6/23/17 |
| HAMILTON, THERESA | PAULETTA, ROBERT L JR | 6/23/2017 3:19:15 PM | $120,000.00 | | ORDER OF COURT | DATED 6/23/2017 - IN RE VERDICT - JUDGMENT ENTERED IN FAVOR OF THOMAS HAMILTON AND THERESA HAMILTON AND AGAINST ROBERT PAULETTA IN THE AMOUNT OF $120,000 PLUS ATTORNEY FEES IN THE AMOUNT OF $4,100 - BY THE COURT ALBERT H MASLAND J - COPIES MAILED 6/23/17 |
| HAMILTON, THOMAS | PAULETTA, ROBERT L JR | 6/30/2017 2:48:36 PM | $120,000.00 | | PRAECIPE FOR ENTRY OF FINAL JUDGMENT AND JUDGMENT ENTERED - BY | UPON THE NONJURY VERDICT - BY SUSAN K PICKORD ATTY FOR PLFF |
| HAMILTON, THERESA | PAULETTA, ROBERT L JR | 6/30/2017 2:49:49 PM | $120,000.00 | | PRAECIPE FOR ENTRY OF FINAL JUDGMENT AND JUDGMENT ENTERED - BY | UPON THE NONJURY VERDICT - BY SUSAN K PICKORD ATTY FOR PLFF |

establish that it held the original note.

Appellant's first argument is without merit, as he does not have standing to challenge the assignment of the mortgage. Under the Pennsylvania Uniform Commercial Code, the note securing a mortgage is a negotiable instrument. *J.P. Morgan Chase Bank, N.A. v. Murray,* 63 A.3d 1258 (Pa. Super. 2013) (*Murray*). Enforcement is proper even if questions remain as to the chain of possession, and questions as to that chain are immaterial to its enforceability so long as the holder can prove it holds said note. *Id.* A note endorsed in blank is a "bearer note," payable to anyone on demand regardless of who previously held the note. 13 Pa.C.S.A. §§ 3109(a), 3301. Upon payment of the note, a borrower is released from further liability, even if he pays the wrong party. *Murray,* 63 A.3d at 1264-65 (applying 13 Pa.C.S.A. § 3602). Accordingly, this Court has held that a borrower who has discharged his liability lacks standing to challenge the validity of a note assignment. *Id.*

The record in this case shows that Bank of America holds a bearer note and, therefore, the mortgage. Upon payment of the mortgage, Appellant's obligation is discharged, even if a note assignment was defective. *Id.* Consequently, Appellant lacks standing to challenge the validity of the assignment. *Id.*

Appellant's second contention, that Bank of America failed to produce the original note is without merit. In response to a motion for summary judgment, an adverse party may not rest on the mere allegations or

standing to challenge the assignment or transfer of a note and mortgage. *See* J.P. Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1264 (Pa. Super. 2013). The transfer of a note is a matter between the transferor and the transferee and a mortgagor cannot rely on defenses belonging to the transferor. *Bookmyer v. Davies*, 69 Pa. Super. 240, 242 (1918). Such defenses are not relevant to a mortgage foreclosure action because once a debt is satisfied, the debtor cannot be required to satisfy the debt again, "even if the recipient of the debtor's performance is not the holder of the note in question." *Murray*, 63 A.3d at 1263. Accordingly, this Court has consistently stressed that the chain of possession of a note is immaterial to its enforceability. CitiMortgage, Inc. v. Barbezat, 131 A.3d 65, 72 (Pa. Super. 2016). *See also* Gerber v. Peirgrossi, 142 A.3d 854, 862-63 (Pa. Super. 2016) (citing *Murray*, 63 A.3d at 1266).

Lastly, Appellants argue that the *Nanty-Glo* rule precluded entry of summary judgment in favor of Appellee, because the court relied solely on oral testimony. Appellants further allege that because the mortgage originated in 2005 but was not assigned to Appellee until 2010, that Appellee relies on the prior servicer's loan records for the first five years and, thus, the loan history does not satisfy the business records exception to the hearsay rule.[6] *See* Appellants' Brief at 15-18. After careful review, we conclude that

does not establish appellee's claim to be a real party in interest to the lease, the lower court should have stricken the judgment." *Id.* There is no basis that we can discern to read *Mallory* as eliminating this fundamental requirement, whether solely in the context of mortgage actions or otherwise.

That being said, if Pennsylvania's Uniform Commercial Code ("PUCC"), 13 Pa. C.S. §§ 1101, *et seq.*, governs the Note as a "negotiable instrument," *Id.* § 3104, then there is no risk of a debtor twice being held to account for a single debt, which risk was the animating concern behind our decisions in *Fourtees Co., Produce Factors, Brown,* and other cases. Pursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question. *Id.* § 3602(a).

Murray repeatedly uses the language of negotiable instruments, challenging Appellee's status as a holder of the Note and Mortgage in this case. We are aware of no Pennsylvania case that has held in clear terms that a note securing a mortgage is a negotiable instrument under the PUCC. However, it appears that most, if not all, other jurisdictions have found that such a note is a negotiable instrument subject to the UCC. *See, e.g., Robbins v. Walker,* 66 UCC Rep.Serv.2d 1048 (S.D.Miss.2008); *1264 *Williams v. Aries Fin'l, LLC,* 70 UCC Rep.Serv.2d 634 (E.D.N.Y.2009); *Midfirst Bank, SSB*

Murray repeatedly uses the language of negotiable instruments, challenging Appellee's status as a holder of the Note and Mortgage in this case. We are aware of no Pennsylvania case that has held in clear terms that a note securing a mortgage is a negotiable instrument under the PUCC. However, it appears that most, if not all, other jurisdictions have found that such a note is a negotiable instrument subject to the UCC. *See, e.g., Robbins v. Walker,* 66 UCC Rep.Serv.2d 1048 (S.D.Miss.2008); *1264 *Williams v. Aries Fin'l, LLC,* 70 UCC Rep.Serv.2d 634 (E.D.N.Y.2009); *Midfirst Bank, SSB v. C.W. Haynes & Co., Inc.,* 893 F.Supp. 1304 (D.S.C.1994); *Barnsley v. Empire Mortgage L.P.,* 142 N.H. 721, 720 A.2d 63 (1998); *Ballengee v. N.M. Fed. Sav. & Loan Ass'n,* 109 N.M. 423, 786 P.2d 37 (1990); *Goss v. Trinity Sav. & Loan Ass'n,* 813 P.2d 492 (Okla.1991); *Taylor v. Roeder,* 234 Va. 99, 360 S.E.2d 191 (1987); *Debrunner v. Deutsche Bank Nat. Trust Co.,* 204 Cal.App.4th 433, 138 Cal.Rptr.3d 830 (2012); *First Commerce of Amer., Inc. v. McDonald,* No. CV-95-0075050-S, 1995 WL 592432 (Conn.Super.Ct. Sept. 29, 1995) (unpublished); *Perry v. Fairbanks Capital Corp.,* 888 So.2d 725 (Fl.Dist.App.2004); *First Valley Bank v. First Sav. & Loan Ass'n of Central Indiana,* 412 N.E.2d 1237 (Ind.Ct.App.1980); *Bibler v. Arcata Investments 2, LLC,* 58 UCC Rep.Serv.2d 244 (Mich.App.2005) (unpublished); *Carnegie Bank v. Shalleck,* 256 N.J.Super. 23, 606 A.2d 389 (App.Div.1992); *U.S. Bank, N.A. v. Bennett,* No. 11 MA 40, 2012 WL 2254189 (Ohio Ct.App. June 12, 2012) (unpublished); *N.W. Mortgage Investors Corp. v. Slumkoski,* 3 Wash.App. 971, 478 P.2d 748 (1970). Notably, in *Horbal v. Moxham Nat. Bank,* this Court applied UCC principles to its analysis of a certificate of deposit executed as additional security for a mortgage loan. 441 Pa.Super. 463, 657 A.2d 1261, 1264-65 (1995), *aff'd by evenly divided Court,* 548 Pa. 394, 697 A.2d 577 (1997).

A case decided recently by the United States Bankruptcy Court for the Eastern District of Pennsylvania speaks to the issue in broad terms. In *In re Walker,* 466 B.R. 271 (Bankr.E.D.Pa.2012), the court considered a mortgage and bankruptcy debtor's challenge to a proof of claim filed by the creditor-mortgagee, based upon the premise that there were defects by which the mortgage note was securitized and became an asset of the claimant trust. The note in question was indorsed in blank, *i.e.,* signed by the President of the named holder of the note at its inception, Allied, a party distinct from the claimant by putative assignment of the note, BNYM. *Id.* at 275-76. The original note undisputedly had been in the possession or control of BNYM since January 6, 2006. *Id.* at 276.

The debtor did not deny her obligation to repay the note. *Id.* at 278. However, she contended that BNYM was not the "true creditor" to whom she was obligated. *Id.* The debtor's argument was "premised on the general, indisputable proposition that for a creditor to have an allowable claim ..., the creditor must have a right to payment. Thus, ... the court [must] disallow a claim to the extent that it is unenforceable against the debtor under any agreement or applicable law...." *Id.* (citations omitted).

Critical to the bankruptcy court's determination that BNYM, as the holder of the note, had the right to submit its claim to the extent it was predicated on that note was the court's determination that the note was a negotiable instrument governed by the PUCC:

> There is abundant legal authority for the proposition that mortgage notes, such as the one involved in this matter, are negotiable instruments governed by article 3 of the UCC. *See, e.g., In re Carmichael,* 448 B.R. 690, 693-94 (Bankr.E.D.Pa. 2011) (collecting cases); *see also In re AppOnline.com, Inc.,* 321 B.R. 614, 621-24 (E.D.N.Y.2003), *aff'd on other grounds,* 128 Fed.Appx. 171 (2d Cir. 2005) [(2d Cir.2004)]; *J.S. Judge & Co. v. Lilley,* 28 Pa. D. & C. 3 (Phila.Mun.Ct.1937).

*Id.* at 282 (citations modified).

The court went on to find that the debtor lacked standing to question the validity of the assignment(s) of the note:

> If a borrower cannot demonstrate potential injury from the enforcement of the *1265 note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue. Here, the element of "injury in fact" is lacking because the Note is a negotiable instrument and BNYM is the holder. As a result, even if the assignment to BNYM were defective and the original assignor retains ownership rights in the Note, any payments the Debtor makes to BNYM will discharge her liability under the Note. *See* 13 Pa.C.S. § 3602(a) (subject to certain exceptions that are not applicable here, "[t]o the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under section 3306 (relating to claims to an instrument) by another person").

